REILLY v. BAKER.

USURY—EVIDENCE—FORFEITURE OF LAND CONTRACT.
  In purchasers' suit for accounting and to restrain prosecution of summary proceedings, evidence *held,* insufficient to sustain plaintiffs' claim of usury in adjustment of indebtedness under which successive land contracts were executed, the last of which vendors sought to foreclose (2 Comp. Laws 1929, § 9241).

Appeal from Genesee; Elliott (Philip), J. Submitted April 4, 1940. (Docket No. 47, Calendar No. 41,006.) Decided June 3, 1940.

Bill by John Reilly and wife against Thomas H. Baker for an accounting concerning the purchase price of certain real estate and to enjoin forfeiture of a land contract. Harris I. Thompson and Madelon C. Thompson added as parties defendant. Cross bill by defendants against plaintiffs for an accounting, for dismissal of a moratorium order, and for foreclosure of a land contract. Decree for defendants. Plaintiffs appeal. Affirmed.

*William A. Shaheen*, for plaintiffs.

*Cline & George*, for defendants.

NORTH, J. Plaintiffs' original bill was for an accounting and an injunction against prosecution of summary proceedings. Defendant Thomas H. Baker answered and filed a cross bill praying foreclosure of the land contract involved in the summary proceedings. The case was heard and decided by the late Honorable Edward D. Black. Decree was granted on the cross bill and plaintiffs have appealed. Defendants Thompson pending the suit purchased Baker's interest in the property and were added as parties.

In 1919 plaintiffs bought on land contract from defendant Baker a house and lot in Flint at a price of $7,000. While holding under this contract and in 1927 plaintiffs undertook rather extensive alterations and improvements on the property. In so doing they incurred obligations they could not meet and seemingly became in default in making payments on the land contract. Mr. Baker loaned to plaintiffs or paid out for them $6,000. In 1927 or early in 1928 a new contract was entered into between the parties in which plaintiffs' $6,000 indebtedness to Baker was included. The agreed purchase price specified

in the new contract was $12,000. Plaintiffs continued to hold under this contract until 1930, but in the meantime became in default in making contract payments and for nonpayment of taxes. Because of these defaults Mr. Baker threatened to foreclose the contract; but in March, 1930, the parties adjusted matters between them and a new land contract was executed in which the purchase price was fixed at $16,550. It is this contract, on which plaintiffs subsequently became badly in default, that Mr. Baker foreclosed by means of his cross bill.

As in the trial court, plaintiffs on this appeal take the position that there has been embodied in their contract usurious charges; and that in consequence all right to interest on the land contract has been forfeited under the statute (2 Comp. Laws 1929, § 9241 [Stat. Ann. § 19.13]), and that all payments made by plaintiff should be applied on the principal legally due under the terms of the contract. If this is done, plaintiffs contend they were not in default, or at least not in default in any substantial amount, at the time Mr. Baker filed his cross bill.

More particularly stated, it is plaintiffs' claim that at the time the contract for $12,000 was entered into, $100 was added as a bonus; and they also claim that the $6,000 above mentioned was not only added at the time the new contract was entered into for $12,000 but it was also added a second time in 1930 when the contract was renewed for $16,550. They further assert they did not receive credit for all payments made. A very unusual degree of patience and care was exhibited by the trial judge in hearing and disposing of this case. Repeated hearings were had before him. Relief under the moratorium statute was granted the plaintiffs over a substantial period of time; but finally the trial judge terminated the moratorium provision because plaintiffs failed to make

specified payments fixed as fair rental value. Every opportunity was extended to plaintiffs by the trial court to establish their claim of usurious charges and also their claim that they had not been given credit for certain payments on the contract. A detailed review of the testimony would be of no service. The trial judge, after giving the rights of the respective parties patient and careful consideration, reached the conclusion that plaintiffs had not established their claim of usury, that they were twice charged with the $6,000 item, or that there had been a failure to credit them with payments made. To the attorney who then represented the plaintiffs the court said: "Mr. Baker took care of Mr. and Mrs. Reilly the same as he would take care of an own child. * * * I do not think you have very much equity in this case. * * * You have not shown any usury anywhere here, not a cent of usury." The court thereupon authorized a decree upon Mr. Baker's cross bill. Somewhat later a supplemental decree was entered in which the amount due and unpaid on plaintiffs' land contract was determined to be $19,242.23; and the relief sought in Mr. Baker's cross bill was granted. Our review of this record brings the conclusion that the result reached by the trial judge was not only justified but was necessitated by the testimony presented at the various hearings in the circuit court. Certainly, as the trial judge found, the plaintiffs did not establish their claim of usury, or that the $6,000 item was charged twice, or that they had made payments for which they were not given credit. The decree entered in the circuit court is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.